UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOIS M. SOMERVILLE,

    Plaintiff,

v.                                    Case No: 6:24-cv-2185-JSS-EJK

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, ROGER B.
HANDBERG, UNITED STATES
ATTORNEY GENERAL, AETNA
LIFE INSURANCE CO., CVS
CAREMARK, and UNKNOWN
OTHERS,

    Defendants.
_____/

## ORDER

    Plaintiff, proceeding pro se, moves to temporarily freeze more than $161 billion and for a 60-day extension "to defend due to a medical emergency." (Dkt. 5 at 1.) Upon consideration, Plaintiff's Motion is denied.

    In this action, Plaintiff is seeking to recover $165.03 she is owed by the United States, in addition to punitive damages, and a court order to "secure the border f[rom] invasion for Plaintiff's personal safety and to have the court order an estoppel to funding illegal alien programs from the general fund of the U.S. Treasury." (Dkt. 1 at 7.) She now moves to freeze the assets she fears will be spent on unlawful programs. (*See* Dkt. 5 at 2–3; *see also* Dkt. 5-2.) The court construes this as a motion for a temporary restraining order, or "TRO," and finds that the motion is due to be denied.

A plaintiff seeking a TRO must demonstrate "(1) a substantial likelihood of success on the merits," (2) that "the TRO is necessary to prevent irreparable injury," (3) that "the threatened injury outweighs the harm the TRO would inflict on the non-movant," and (4) that "the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995). Because Plaintiff presents no argument or caselaw as to any of these elements, the motion must be denied. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."). For this reason Plaintiff also runs afoul of the court's local rules. *See, e.g.*, M.D. Fla. R. 6.01(b) (outlining requirements of the legal memorandum required to be submitted with a motion for a TRO).

"The [c]ourt recognizes that Plaintiff is appearing pro se and therefore leniently construes her filings," however, "nothing in the leniency afforded pro se parties excuses a plaintiff from complying with the threshold requirements of the Federal Rules of Civil Procedure." *Hurt, Tr. of RF 827 704 800 US Tr. v. Mr. Cooper Grp. Inc.*, No. 1:24-cv-02281-LMM, 2024 WL 3551141, at *1 (N.D. Ga. May 24, 2024). Indeed, Plaintiff also failed to comply with the procedural rules of the court. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules."); M.D. Fla. R. 6.01(a)(1), (3), (4) (indicating that a movant seeking a TRO must include "Temporary Restraining Order" in the motion's title, and include both "a precise description of the conduct and the persons subject to restraint" as well

as "a precise and verified explanation of the amount and form of the required security").

Moreover, though Plaintiff requests a 60-day "extension of time to defend due to medical emergency," she identifies no specific pending deadline that she is unable to meet. (*See* Dkt. 5 at 1.) Accordingly, this request, too, must be denied. *See Greene v. Truist Bank*, No. 23-00302-TFM-B, 2023 WL 8698630, at *5 (S.D. Ala. Sept. 19, 2023) (denying motion for extension of time where the plaintiff "d[id] not identity any existing deadline for which [the plaintiff] [wa]s seeking an extension"). If Plaintiff requires an extension to meet an existing deadline, she must specify what deadline she seeks to extend.

Accordingly, Plaintiff's Emergency and Time Sensitive Motion to Temporarily Freeze Specific Assets and Motion for Extension of Time (Dkt. 5) is **DENIED**.

**ORDERED** in Orlando, Florida, on December 10, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party