UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOIS M. SOMERVILLE,

    Plaintiff,

v.                                                Case No: 6:24-cv-2185-JSS-EJK

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, ROGER B.
HANDBERG, UNITED STATES
ATTORNEY GENERAL, AETNA
LIFE INSURANCE CO., CVS
CAREMARK, and UNKNOWN
OTHERS,

    Defendants.
_____/

**ORDER**

    Plaintiff, proceeding pro se, moves the court to appoint a U.S. Marshal to effect service of process. (Dkt. 9.) Federal Rule of Civil Procedure 4(c)(3) provides that "the court may order service be made by a United States marshal." However, the court is only obligated to appoint a U.S. Marshal to effect service of process if the plaintiff is proceeding in forma pauperis or as a seaman. *See* Fed. R. Civ. P. 4(c)(3). Because Plaintiff has paid her filing fee, the court is not obligated to order service be made by a United States Marshal.

    Plaintiff states that she requires a Marshal to effect service of process "because [she] broke her arm . . . after filing suit and is not well enough to research and execute effective Service of Process." (Dkt. 9 at 1.) However, "although Rule 4(c)(3) . . . gives

the [c]ourt discretion to order the United States Marshal to serve civil process, the Advisory Committee Notes state that [such] appointment . . . is generally proper when it is necessary to keep the peace, a circumstance not present in the instant case," *Nappi v. Welcom Prods., Inc.*, No. 8:13-cv-3183-T-33TGW, 2014 WL 2050826, at *2 (M.D. Fla. May 19, 2014) (quotation omitted). Plaintiff's protestations that Defendants may be "difficult for a typical process server" to locate and serve are unavailing both because she does not indicate that she has yet attempted to serve process, nor does she explain why a U.S. Marshal would not suffer from the same difficulties. (Dkt. 9 at 1); *see id.* ("[T]he [c]ourt finds no indication that appointing a U.S. Marshal under Rule 4(c)(3) would result in any more success than [the plaintiff]'s private process servers have already experienced.").

Accordingly, Plaintiff's Motion for Marshal Service of Process for Summons and Complaint (Dkt. 9) is **DENIED**.

**ORDERED** in Orlando, Florida, on December 12, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party