UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOIS M. SOMERVILLE,

     Plaintiff,

v.                                Case No: 6:24-cv-2185-JSS-EJK

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, ROGER B.
HANDBERG, UNITED STATES
ATTORNEY GENERAL, AETNA
LIFE INSURANCE CO., CVS
CAREMARK, and UNKNOWN
OTHERS,

     Defendants.
_____/

**<u>ORDER</u>**

On December 9, 2024, Plaintiff, proceeding pro se, moved to temporarily freeze more than $161 billion of federal assets. (Dkt. 5.)  The court construed that motion as a motion for a temporary restraining order, or "TRO," and denied it for failure to make any arguments or to cite any caselaw in support of her motion.  (*See* Dkt. 6 at 2.) Plaintiff moves again for a temporary restraining order.  (Dkt. 14.)  Upon consideration, the Motion is denied.

A plaintiff seeking a TRO must demonstrate "(1) a substantial likelihood of success on the merits," (2) that "the TRO is necessary to prevent irreparable injury," (3) that "the threatened injury outweighs the harm the TRO would inflict on the non-movant," and (4) that "the TRO would serve the public interest."  *Ingram v. Ault*, 50

F.3d 898, 900 (11th Cir. 1995).  In her Motion, Plaintiff renews her request for a TRO and provides arguments concerning her request.  (*See* Dkt. 14 at 1, 3–4.)  Once again, however, she fails to cite any caselaw demonstrating that the facts she alleges satisfy those elements.  *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").  For example, rather than provide citation to authority demonstrating that she enjoys a substantial likelihood of success on the merits of her claim, Plaintiff asserts only that "there is a substan[t]ial likelihood of success on the merits because of the outcome of the 11/05/2024 election that effectuated, on that date, a change of the Executive and Legislative Branches of the government that p[u]rports a mission compat[i]ble with Plaintiff's motion and suit."  (Dkt. 14 at 1.)  Plaintiff's argument that the court's "attempt[] to require that Plaintiff prove her case with 'caselaw . . .'" is a "concept opposite to common law principles," is unavailing.  (*Id.* at 6–7); *see imoderni LLC v. Villacara*, No. 14-23539-Civ-Scola, 2014 WL 12600499, at *1 (denying pro se litigant's motion, in part, because of his failure to "cite any legal authority in support of" the motion).

Moreover, Plaintiff's Motion falls short of the procedural requirements to obtain temporary injunctive relief.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.").  For example, Plaintiff includes neither "specific facts—*supported by a verified complaint, an affidavit, or*

*other evidence*—demonstrating an entitlement to relief" nor "a precise and verified explanation of the amount and form of the required security." M.D. Fla. R. 6.01(a)(2), (4) (emphasis added); *see* Fed. R. Civ. P. 65(c). This, too, is fatal to Plaintiff's Motion. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Still, once a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Accordingly, Plaintiff's Motion for Temporary Restraining Order is **DENIED**.

**ORDERED** in Orlando, Florida, on December 20, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party

- 3 -