UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOIS M. SOMERVILLE,

    Plaintiff,

v.    Case No: 6:24-cv-2185-JSS-EJK

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, ROGER B.
HANDBERG, UNITED STATES
ATTORNEY GENERAL, AETNA
LIFE INSURANCE CO., CVS
CAREMARK, and UNKNOWN
OTHERS,

    Defendants.
_____/

## ORDER

On December 9, 2024, Plaintiff, proceeding pro se, moved to temporarily freeze more than $161 billion of federal assets. (Dkt. 5.) The court construed that motion as a motion for a temporary restraining order, or "TRO," and denied it due to Plaintiff's failure to make any arguments or to cite any caselaw in support of the motion. (*See* Dkt. 6 at 2.) On December 19, 2024, Plaintiff again moved for a TRO, (Dkt. 14), which the court denied for the same reason, as well as procedural defects, on December 20, 2024, (*see* Dkt. 15 at 2–3). On December 23, 2024, Plaintiff filed a notice of appeal of the court's December 20 order. (Dkt. 18.) After Plaintiff filed her notice of appeal, a third motion for a TRO, identical to Plaintiff's December 19 motion, was filed on the docket. (Dkt. 17.) Shortly thereafter, Plaintiff filed a Motion for

Alternative Service of Process for Summons and Complaint to CVSCaremark. (Dkt. 21.)

"[A]s a general rule, the filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal." *Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001) (citing *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). Because Plaintiff's appeal concerns her motion for a TRO, her most recent motion seeking a TRO must be denied pending the appeal. *See Sec. & Exch. Comm'n v. N. Am. Clearing, Inc.*, 656 F. App'x 947, 951 (11th Cir. 2016) ("[Appellant's] filing of a notice of appeal as to the denial of his Rule 60 motion therefore divested the district court of jurisdiction over his motion to compel.") (citing *Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001)); *Debose v. United States*, No. 8:21-cv-2127-SDM-AAS, 2022 WL 16779527, at *1 (M.D. Fla. Nov. 8, 2022) (denying motion to compel where district court "'is divested of jurisdiction to take any action with regard to the matter except in the aid of the appeal,' . . . and does not regain jurisdiction until a mandate has issued on appeal.") (citing *Shewchun v. United States*, 797 F. 2d 941, 941 (11th Cir. 1986) and *Zaklama v. Mount Sinai Med. Ctr.*, 906 F. 2d 645, 649 (11th Cir. 1990)). However, Plaintiff's notice does not "prevent the court from entertaining motions on matters collateral to those at issue on appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). Accordingly, the court retains jurisdiction over Plaintiff's motion for alternative service. *See Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (noting that a district court "may entertain a motion

for attorney's fees after a notice of appeal has been filled in the underlying case"); *cf. Albra v. Bd of Trs. for Mia. Dade College*, 817 F. App'x 766, 769 (11th Cir. 2020) (determining that a district court lacked jurisdiction to dismiss a civil action for failure to properly effect service of process only where the plaintiff's failure to effect proper service of process was not collateral to his appeal).

Accordingly, Plaintiff's Motion for Temporary Restraining Order (Dkt. 17) is **DENIED**.

**ORDERED** in Orlando, Florida, on January 3, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party