UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOIS M. SOMERVILLE,

    Plaintiff,

v.     Case No: 6:24-cv-2185-JSS-UAM

DEPARTMENT OF HEALTH AND
HUMAN SERVICES, UNITED
STATES ATTORNEY FOR THE
MIDDLE DISTRICT OF FLORIDA,
ATTORNEY GENERAL OF THE
UNITED STATES, AETNA LIFE
INSURANCE CO., CVS
CAREMARK, APRIL REEVES, and
UNKOWN OTHERS,

    Defendants.
_____/

**ORDER**

Defendants Aetna Life Insurance Co. and CVS Caremark (together, the Corporate Defendants) and Defendants the Department of Health and Human Services (HHS), the United States Attorney for the Middle District of Florida (U.S. Attorney), and the Attorney General of the United States (A.G.) (together, the Federal Defendants) move to dismiss Plaintiff's complaint. (Dkts. 44, 45.) Plaintiff, Lois M. Somerville, proceeding pro se,[1] opposes the motions and makes requests of the court

---

[1] The court recommends that all pro se litigants read the court's Guide for Proceeding Without a Lawyer, available as a PDF file from https://www.flmd.uscourts.gov/litigants-without-lawyers, and that they avail themselves of the other resources found through this website.

in her responses. (Dkts. 48, 49.) She has also filed additional motions, five of which the court considers in this order. (Dkts. 50, 59, 60, 63, 68.) Upon consideration, for the reasons outlined below, the court grants the Corporate Defendants' motion, grants in part and denies in part the Federal Defendants' motion, and denies Plaintiff's motions.

## BACKGROUND

The bases for Plaintiff's claims are unclear. (*See* Dkt. 1.) It appears that she mainly seeks to contest an "order of denial" entered by the Medicare Appeals Council and claims that she is owed a reimbursement of $165.03. (*See id.* at 4–7.) She also, however, references a "coordin[a]ted scheme," seemingly between "bureaucrats" and "insurance and pharmaceutical companies," "to deprive [her] of $165.03," apparently with the goal of "reallocat[ing] funds from . . . [n]atural [c]itizens to finance [the] health, travel[,] and living expenses" of undocumented immigrants. (*Id.* at 5.) Citing $80 billion allegedly "scheduled to be diverted from the general fund of the U.S. Treasury," Plaintiff claims that a "[f]inancial [e]mergency" is imminent and so demands an emergency writ of certiorari to "secure the border from invasion" as well as "an estoppel on allocation of funds during the transition to fund all programs for [undocumented immigrants] currently in this country." (*Id.* at 6.) The Corporate Defendants and the Federal Defendants move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. (Dkts. 44, 45.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain . . . a short and plain statement of [a] claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires the plaintiff to "state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To "promote clarity," Rule 10(b) also requires the plaintiff to state "each claim founded on a separate transaction or occurrence . . . in a separate count." *Id.* "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A court should dismiss a complaint as a shotgun pleading "where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* at 1325 (emphasis omitted) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Federal Rule of Civil Procedure 8(a)(1) generally requires a complaint to "contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). "Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The party seeking to invoke the court's subject matter jurisdiction "has the burden of establishing, by a preponderance

of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085–86 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(1); *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002)). This is true regardless of a plaintiff's pro se status. *See Crook-Petite-el v. Bumble Bee Foods L.L.C.*, 723 F. App'x 974, 975 (11th Cir. 2018); *Grady v. U.S. Dep't of Def.*, No. 16-14293-ROSENBERG, 2017 WL 35531, at *1 (S.D. Fla. Jan. 4, 2017) ("[E]ven a *pro se* plaintiff bears the burden of establishing that the [c]ourt has subject matter jurisdiction.").

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). Further, the leniency with which courts treat pro se plaintiffs does not permit courts to "serve as de facto counsel" or "rewrite an otherwise deficient pleading." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## ANALYSIS

The court first explains why Plaintiff's complaint is an impermissible shotgun pleading. The court then addresses Plaintiff's motions.

### A. Shotgun Pleading

At the outset, it is unclear from the face of Plaintiff's complaint whether the court has subject matter jurisdiction over this case. Plaintiff asserts that the court has federal question jurisdiction over her claims under the Social Security Act, the Fourth, Fifth, Seventh, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution,[2] the "law of the land," and her "rights to plead at common law" as a "preamble citizen." (Dkt. 1 at 4.) However, she sets forth all of her factual allegations under a single heading: Count I. (*Id.* at 5.) In paragraphs 2 and 3 under Count I, she references an administrative law judge's order dismissing her appeal for the $165.03 she claims she is owed. (*Id.*) In conjunction with Plaintiff's references to an "order of denial" by the Medicare Appeals Council and the Social Security Act, (*id.* at 4), it appears that under these paragraphs Plaintiff is seeking judicial review of a Medicare Appeals Council decision, which is permitted in certain circumstances. *See* 42 U.S.C. § 1395w-104(h). However, the balance of the factual allegations under Count I, paragraphs 1 and 4 through 9, are directed at an alleged fraudulent scheme to deprive Plaintiff of the $165.03. (*See* Dkt. 1 at 5–6.)

The Corporate Defendants argue that the complaint is a shotgun pleading. (Dkt. 44 at 19–23.) While they infer that Plaintiff's complaint is related to a Medicare claim, they note that the complaint "includes myriad 'conclusory, vague, and

---

[2] The court liberally construes Plaintiff's reference to "Article[s] IV, V, VII, IX, X, [and] XIV" of the Constitution as invoking these amendments. *See Albra*, 490 F.3d at 829. However, Plaintiff shall take greater care in future pleadings to cite the law as it is designated.

immaterial facts not obviously connected to' [her] Medicare benefits claim." (*Id.* at 21 (quoting *Weiland*, 792 F.3d at 1322).)  They also note that Plaintiff asserts all of her claims "against all Defendants without distinguishing between any [D]efendants' alleged conduct." (*Id.* at 22.)  *See Weiland*, 792 F.3d at 1323 (deeming as shotgun pleadings complaints that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against").  Notably, the Corporate Defendants argue that Plaintiff's complaint "has not adequately put Defendants on notice of the actions [she] purports each Defendant took and how those actions relate to [her] claim for Medicare benefits, if at all." (Dkt. 44 at 22–23.)

While the Federal Defendants do not expressly forward a shotgun pleading argument, it appears from their motion that they nevertheless struggle to identify what claims Plaintiff is raising against them—the sine qua non of a shotgun pleading. (*See* Dkt. 45 at 9 ("Plaintiff appears to wish to assert a claim for 'punitive damages.'"); *id.* at 10 ("Plaintiff appears to assert a fraud claim against the United States Government for certain expenditures of funds."); *id.* at 12–13 ("The [c]omplaint names as [D]efendants [the A.G. and the U.S. Attorney].  However, Plaintiff pleads no facts in relation to [these Defendants]; Plaintiff asserts no allegation about any action these officials took or did not take.").)  *See Weiland*, 792 F.3d at 1323 ("The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").  The Federal Defendants move for dismissal "with prejudice,"

(Dkt. 45 at 13), but do not explain why the pro se Plaintiff should not be permitted to amend her shotgun pleading, (*see id. passim*). Accordingly, this part of their motion is denied. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a "perfunctory and underdeveloped argument").

Plaintiff's complaint is a shotgun pleading. It is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," fails to "separat[e] into a different count each cause of action or claim for relief," and "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1322–23. Because it is virtually impossible for Defendants to know which facts support which claims in the complaint, *see id.* at 1325, the court dismisses the complaint without prejudice as a shotgun pleading. *See Mikov v. Village of Palm Springs*, No. 23-13311, 2024 WL 3178043, at *3 (11th Cir. June 26, 2024) (affirming a dismissal without prejudice on shotgun pleading grounds when the complaint "made it overly burden[]some to identify which facts support[ed] each claim"). If Plaintiff repleads, she shall pay close attention to this order's directives in order to avoid a future shotgun pleading. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings."). The court cautions Plaintiff that an amended complaint supersedes a previous complaint.

*See TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020).

If Plaintiff files an amended complaint, she shall "list each cause of action into a separately numbered count, with one legal theory per count, and a specifically named defendant or defendants per count." *Omni Healthcare Inc. v. N. Brevard Cnty. Hosp. Dist.*, No. 6:22-cv-696-JSS-DCI, 2024 WL 4235850, at *6 (M.D. Fla. Sept. 19, 2024) (quotation omitted). Plaintiff "shall not lump[] together multiple theories in one count; instead, [s]he shall narrow down and separate out h[er] theories of liability such that each asserted theory gets its own count in the amended pleading." *Pringle v. Seminole Cnty. Pub. Schs.*, No. 6:24-cv-835-JSS-DCI, 2025 WL 20019, at *7 (M.D. Fla. Jan. 2, 2025) (quotation omitted); *see Ortiz v. Carnival Corp.*, No. 20-24838-Civ-Scola, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020) ("Each distinct theory . . . is a separate cause of action that must be asserted independently and with corresponding supporting factual assertions." (collecting cases)).

Plaintiff must support each count with factual allegations because "a formulaic recitation of the elements of a cause of action," standing alone, "will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, Plaintiff shall incorporate into each count only those factual allegations necessary to support the count." *Pringle*, 2025 WL 20019, at *7. Currently, the complaint does not contain separately numbered counts, and thus, it in essence incorporates all allegations into all counts. (*See* Dkt. 1.)

Based on separate filings on the docket, it appears that Plaintiff seeks to bring claims against April Davis and Judge Roberto Gutierrez, though neither is named in

her complaint.[3] (*See* Dkts. 1, 59, 60.) To the extent Plaintiff seeks to bring claims against these individuals, she must name them in her amended complaint.

### B. Plaintiff's Motions

The court briefly addresses several motions filed by Plaintiff in this matter. At the outset, the court notes that while the court construes pro se filings liberally, *Albra*, 490 F.3d at 829, the court cannot act as Plaintiff's counsel, *GJR Invs.*, 132 F.3d at 1369. It is Plaintiff's duty to develop and support her motions with citations to the record and to relevant legal authority—the court cannot craft her arguments for her. *See Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." (quoting *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998))); *Astrue*, 495 F.3d at 1287 n.13. This duty accords with the court's local rules, which require all motions to include, among other things, legal memoranda supporting the motions' requested relief. *See* M.D. Fla. R. 3.01(a). Upon review, none of the motions the court addresses below, (Dkts. 48, 49, 50, 59, 60, 63, 68), are adequately supported by citation to legal authority, and thus, these motions are due to be denied on that basis alone. However, to provide guidance to Plaintiff, the court discusses these motions in greater detail below.

In her responses to Defendants' motions to dismiss, Plaintiff moves to strike the motions. (*See* Dkt. 48 at 3; Dkt. 49 at 2.) In her response to the Corporate Defendants'

---

[3] April Reeves is named in the complaint. (Dkt. 1 at 1, 3.) It is unclear what, if any, relationship April Davis has to April Reeves. (*See also* Dkt. 48 at 5 (referencing one "Anita Davis").)

motion, Plaintiff argues that an executive order entered by President Trump "has placed on pause the legal basis for all defenses" raised by the Corporate Defendants, and so she asks the court to strike their motion. (Dkt. 48 at 2.) She moves to strike the Federal Defendants' motion, on the other hand, because she seeks to dismiss her claims against the A.G. and the U.S. Attorney, noting that these claims "ha[ve] been granted in speedy entirety by E[x]ecutive Orders from President Trump and are now ripe for dismissal." (Dkt. 49 at 2.) This argument appears to overlook that the HHS is also a party to the Federal Defendants' motion, (*see id. passim*), and Plaintiff has elsewhere indicated that she will continue to pursue relief against the HHS, (*see* Dkt. 50).

In any event, motions to strike are disfavored, and such motions are routinely denied by courts in this district. *See, e.g.*, *U.S. Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD*, No. 8:19-cv-448-T-33CPT, 2019 WL 3323477, at *1 (M.D. Fla. July 24, 2019) ("Motions to strike are generally disfavored due to their drastic nature."); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-cv-755-T-26TBM, 2012 WL 12920185, at *1 (M.D. Fla. Sept. 17, 2012) ("Motions to strike are generally disfavored by the court and are often considered time wasters." (cleaned up)). Moreover, a party cannot request affirmative relief in a response to a motion. *See Barr v. One Touch Direct, LLC*, No. 8:15-cv-2391-T-33MAP, 2017 WL 875763, at *2 (M.D. Fla. Mar. 3, 2017) ("A response to a motion . . . is not the proper method for requesting relief from the [c]ourt." (citing M.D. Fla. R. 3.01(a))). Moreover, Plaintiff does not move to strike under any particular Rule. (*See* Dkts. 48, 49.) The court presumes that she is proceeding under

Federal Rule of Civil Procedure 12. *See Lineberry v. Copart, Inc.*, No. 3:23-cv-1442-HES-LLL, 2025 WL 325538, at *1 n.2 (M.D. Fla. Jan. 29, 2025) (construing pro se motion to strike as proceeding under Rule 12). However, "Rule 12(f) motions to strike other filings (such as other motions, responses, or exhibits) are routinely denied as improper." *Pyzynski v. Thomas & Betts Corp.*, No. 6:16-cv-1998-Orl-40DCI, 2017 WL 9510591, at *1 (M.D. Fla. Nov. 16, 2017); *accord Morroni v. Gunderson*, 169 F.R.D. 168, 170 (M.D. Fla. 1996) (denying a motion to strike a motion for sanctions because "a motion is not a pleading, and thus a motion to strike a motion is not proper under [Rule] 12(f)" (alteration adopted) (quotation omitted)). Accordingly, Plaintiff's motions to strike (Dkts. 48, 49) are denied.

Plaintiff also moves to strike the Federal Defendants' response to her motion to compel. (Dkt. 63; *see* Dkts. 47, 55.) However, because the court has denied Plaintiff's motion to compel without prejudice for failure to comply with Local Rule 3.01(g), (Dkt. 56), that motion is denied as moot.

In her response to the Federal Defendants' motion to dismiss, Plaintiff explains that her claims against the A.G. and the U.S. Attorney "ha[ve] been granted in speedy entirety by E[x]ecutive Orders from President Trump and are now ripe for dismissal." (Dkt. 49 at 2.) Accordingly, she has filed a motion in limine to bifurcate and dismiss claims and Defendants, noting that she seeks "to dismiss from [her] Statement of Claim items 1, 4, 5, 6, 7, 8, and 9 including dismissing damages, costs[,] and punitive damages claimed against [the A.G. and the U.S. Attorney]." (Dkt. 50 at 1.) Given the confusion surrounding Plaintiff's pleadings, and the lack of legal authority in the

motion in limine to bifurcate and dismiss, the court denies Plaintiff's motion. If Plaintiff no longer seeks to bring any claims against these parties, she may omit them from her amended complaint. Alternatively, she may move to voluntarily dismiss all of her claims against either or both of these parties under Federal Rule of Civil Procedure 41. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016) ("According to the plain text of Rule 41(a)(1)(A)(i), only the filing of an answer or a motion for summary judgment terminates a plaintiff's ability to voluntarily dismiss its claim without a court order."); *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1034 (11th Cir. 2023) ("Rule 41(a)(1)(A)(ii) . . . permits a plaintiff to dismiss an action without a court order by filing 'a stipulation of dismissal signed by all parties who have appeared.'" (quoting Fed. R. Civ. P. 41(a)(1)(A)(ii))).

Plaintiff also moves the court for orders to show cause as to why April Davis and Judge Gutierrez "should not be held in criminal contempt" for violating her rights. (Dkt. 59 at 2; Dkt. 68 at 2.) The latter of these motions was filed as a "corrected" version of a prior motion for an order to show cause, (Dkt. 60), and so the court denies that earlier version as moot. With regard to Plaintiff's pending show cause motions, Plaintiff does not provide any basis to support them, nor can the court discern any. *See* 18 U.S.C. § 401 (vesting courts with the "power to punish by fine or imprisonment, or both," certain acts of "[m]isbehavior" and "[d]isobedience" that are not present here). Thus, those motions are also denied.

## CONCLUSION

Accordingly:

1. The Corporate Defendants' motion to dismiss (Dkt. 44) is **GRANTED**. The Federal Defendants' motion to dismiss (Dkt. 45) is **GRANTED in part and DENIED in part**.

    a. Plaintiff's complaint (Dkt. 1) is **DISMISSED without prejudice** as a shotgun pleading. The Federal Defendants' motion is otherwise **DENIED**.

    b. If Plaintiff can do so in good faith, she may file an amended complaint on or before May 12, 2025, correcting the deficiencies identified in this order. The court cautions Plaintiff: "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the deadline to amend expires without the plaintiff amending its complaint or seeking an extension of time." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020).

    c. If the amended complaint fails to correct the deficiencies identified in this order or to comply with any of this order's directives, the court may dismiss the amended complaint without notice to Plaintiff.

2. Plaintiff's motions to strike Defendants' motions to dismiss (Dkts. 48, 49) are **DENIED**.

3. Plaintiff's motion to strike the Federal Defendants' response to Plaintiff's motion to compel (Dkt. 63) is **DENIED as moot**.

4. Plaintiff's motion in limine to bifurcate and dismiss claims and defendants (Dkt. 50) is **DENIED**.

5. Plaintiff's superseded motion for order to show cause (Dkt. 60) is **DENIED as moot**, and her motions for orders to show cause (Dkts. 59, 68) are **DENIED**.

**ORDERED** in Orlando, Florida, on April 22, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party